IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| HERMAN LEE KINDRED | § | |
| VS. | § | CIVIL ACTION NO. 1:24cv124 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ORDER REGARDING TRANSFER

Petitioner Herman Lee Kindred, an inmate currently confined at the Bell County Jail, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. .§ 2254.[1]

Discussion

Petitioner filed this petition for writ of habeas corpus challenging his current incarceration based on a "blue warrant hold" from the Texas Department of Criminal Justice, Parole Division for failing to pay crime victim fees and parole fees.

Pursuant to 28 U.S.C. § 2241(d), a petitioner may bring his petition for writ of habeas corpus in the district court for the district wherein such person is in custody or in the district court for the district within which he was convicted. Section 2241(d) further provides that the district court in the exercise of its discretion may transfer the action to the other district in the furtherance of justice. While § 2241 provides federal courts with general authority to grant habeas relief, § 2254 "confers jurisdiction upon the federal courts to hear collateral attacks on state court judgments." *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000). Section 2254 applies specifically to "persons in custody pursuant to a judgment of a State court . . . ." 28 U.S.C. § 2254; *Story v. Collins*, 920 F.2d 1247, 1250 (5th Cir. 1991).

Petitioner is currently confined at the Bell County Jail in Belton, Texas where he was located when he submitted the petition and where he was originally convicted. Pursuant to 28 U.S.C. § 124,

---

[1] Petitioner filed a post-judgment motion in a closed habeas petition attacking two prison disciplinary actions. Since petitioner's previous petition was closed and moot, petitioner's filing challenging his current incarceration in the Bell County Jail based on parole violations was severed into the above-styled action.

Bell County is located within the jurisdictional boundaries of the United States District Court for the Western District of Texas. Petitioner has alleged no basis for jurisdiction in the Eastern District of Texas. The petition was inadvertently sent to the Beaumont Division of the Eastern District of Texas instead of the district and division in which petitioner is currently confined, the Waco Division of the Western District of Texas.

When a case is filed in the wrong district or division, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). *See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634 (5th Cir. 1994) (remanding the case to the Houston Division of the United States District Court for the Southern District of Texas, with instructions that the case be transferred to the McAllen Division of the United States District Court for the Southern District of Texas pursuant to Section 1406(a)).

For the reasons set forth above, this case should be transferred to the Waco Division of the United States District Court for the Western District of Texas. A Transfer Order shall be entered in accordance with this Memorandum.

SIGNED this 3rd day of April, 2024.

_____
Zack Hawthorn
United States Magistrate Judge